UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                  )
HADDAD MOTOR GROUP, INC.          )
and GEORGE HADDAD,                )
                                  )
       Plaintiffs-Appellees,      )
                                  )
       v.                         )  CIVIL ACTION
                                  )  NO. 03-10182-WGY
KARP, ACKERMAN, SKABOWSKI &       )
HOGAN, P.C. and PETER HOGAN       )
                                  )
       Defendants-Appellants.     )
                                  )
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                              June 10, 2010

Section 1961(a) of Title 28 of the United States Code requires this Court award interest on "any money judgment in a civil case recovered in a district court," including a judgment of attorney's fees.  Mill Pond Assocs. v. E & B Giftware, Inc., 751 F. Supp. 299, 303 (D. Mass. 1990).  Such interest is to be calculated from the date of "entry of judgment."  28 U.S.C. § 1961(a).  Where attorney's fees have been awarded, however, there are often two entries of judgment: (1) the "merits judgment," granting the prevailing party the right to recover attorney's fees; and (2) the "quantum judgment," quantifying the amount of attorney's fees to be awarded.  McDonough v. City of Quincy, 353 F. Supp. 2d 179, 192 n.12 (D. Mass. 2005), rev'd on other grounds, 452 F.3d 8 (1st Cir. 2006); Mogilevsky v. Bally Total

Fitness Corp., 311 F. Supp. 2d 212, 224 (D. Mass. 2004).  What happens then with respect to the accrual and rate of interest on the quantum judgment?  On May 27, 2010, without adequate reflection, this Court ruled from the bench that interest on the quantum judgment commenced on the date of that judgment at the interest rate then in effect.

The circuits are split as to whether post judgment interest begins accruing upon the date of entry of the merits judgment or the quantum judgment.  See generally, Nick J. Kemphaus & Richard A. Bales, Interest Accrual on Attorney's Fee Awards, 23 Rev. Litig. 115 (2004).  The majority of circuits, the Fifth, Sixth, Eighth, Ninth, Eleventh, and Federal Circuits, hold that interest begins accruing upon entry of the merits judgment.  Associated Gen. Contractors of Oh., Inc. v. Drabik, 250 F.3d 482, 494-95 (6th Cir. 2001); Friend v. Kolodzieczak, 72 F.3d 1386, 1391-92 (9th Cir. 1995); BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1052-53 (11th Cir. 1994); Jenkins v. Missouri, 931 F.2d 1273, 1276-77 (8th Cir. 1991); Mathis v. Spears, 857 F.2d 749, 760 (Fed. Cir. 1988); Copper Liquor, Inc. v. Adolph Coors Co., 701 F.2d 542, 544-45 (5th Cir. 1983).  In contrast, the Third, Seventh and Tenth Circuits hold that interest begins to accrue on the date of entry of the quantum judgment.  Eaves v. County of Cape May, 239 F.3d 527, 542 (3d Cir. 2001); MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/Am.

Express, Inc., 962 F.2d 1470, 1475-77 (10th Cir. 1992); Fleming v. County of Kane, 898 F.2d 553, 565 (7th Cir. 1990).

The First Circuit has not yet ruled on this matter. See Radford Trust v. First Unum Life Ins. Co. of Am., 491 F.3d 21, 24 (1st Cir. 2007); Foley v. City of Lowell, 948 F.2d 10, 22 n.16 (1st Cir. 1991). This district, however, has consistently followed the majority rule and held that interest is to accrue as of the date of the merits judgment entitling the prevailing party to attorney's fees. See Bogan v. City of Boston, 432 F. Supp. 2d 222, 235 (D. Mass. 2006) (Bowler, M.J.); McDonough, 353 F. Supp. 2d at 192 & n.12; Mogilevsky, 311 F. Supp. 2d at 226; Parker v. Town of Swansea, 310 F. Supp. 2d 376, 401 (D. Mass. 2004) (Dein, M.J.).

Upon reflection, this Court concludes that the majority rule among the circuits — and the one consistently followed by the District of Massachusetts (including my own prior rulings) is the correct one. On January 18, 2006, judgment was entered in favor of Haddad Motor Group, Inc. for violation of Massachusetts General Laws ch. 93A. J., Jan. 18, 2006 [Doc. No. 71].[1] Therefore, as of that date, Haddad Motor Group, Inc. was unequivocally entitled to attorney's fees. Mass. Gen. Law. ch.

---

[1] Thereafter, judgment was amended on August 3, 2006 to correct the interest calculation. Am. J., Aug. 3, 2006 [Doc. No. 94]. The post judgment interest rate of 5.22% to be applied to the judgment award and the attorney's fees is drawn from this August 3, 2006 amended judgment. Id.

93A, § 11 ("If the court finds in any action commenced hereunder, that there has been a violation . . . the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount of controversy, be awarded reasonable attorneys' fees and costs incurred in said action."). Therefore, pursuant to Fed. R. Civ. P. 60(b), this Court corrects its unreflective error and awards Haddad Motor Group, Inc. post judgment interest at the rate of 5.22% on the attorney's fees award accruing from January 18, 2006.

    SO ORDERED.

    /s/ William G. Young
    WILLIAM G. YOUNG
    DISTRICT JUDGE